Filed 12/4/13  P. v. Gaines CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>MIQUELA LATRICE GAINES,<br><br>        Defendant and Appellant. | A139110<br><br>(Solano County<br>Super. Ct. No. FCR251957) |

Following a physical altercation with a 12-year-old victim in a fast food restaurant, Miquela Latrice Gaines pleaded no contest to counts of assault (Pen. Code,[1] § 245, subd. (a)), petty theft with a prior conviction (§§ 484, subd. (a), 666), and battery (§ 242).  The court placed Gaines on supervised probation for three years.  After Gaines admitted a second violation of her probation, the court sentenced her to three years in state prison, with credit for 588 days.  Gaines moved for modification of her sentence, seeking additional credits.  The court denied her motion and Gaines now appeals.

Gaines's counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) (see *Anders v. California* (1967) 386 U.S. 738 (*Anders*)), in which he raises no issue for appeal and asks this court for an independent review of the record.  (See also *People v. Kelly* (2006) 40 Cal.4th 106, 124 (*Kelly*).)  Counsel attests that Gaines was advised of her right to file a supplemental brief, but she has not exercised that right.

---

[1] Unless indicated otherwise, subsequent statutory references are to the Penal Code.

We have examined the entire record in accordance with *Wende*. We agree with counsel that no arguable issue exists on appeal and affirm.

## I. *Factual Background*

The facts stated below are taken from the initial probation department sentencing report.

An employee of a fast food restaurant stated that on January 25, 2008, he observed Gaines and her daughter "beating up" a 12-year-old victim. The employee saw Gaines hit the victim in the head with her fist, grab her hair, and hit her head onto the floor and wall of the bathroom. The employee helped the victim leave the area and the victim's cell phone fell from her pocket. Gaines picked up the cell phone and yelled, " 'Bitch, you ain't getting no phone.' " A responding officer found the phone in Gaines's pocket.

Another witness saw Gaines hit the victim in the face and body and pull her hair. Gaines and her daughter pushed this witness when he attempted to intervene.

## BACKGROUND

## II. *Procedural Background*

On July 9, 2008, the People filed an information charging Gaines with felony corporal injury to a child (§ 273d, subd. (a)) (count one); assault (§ 245, subd. (a)) (count two); felony petty theft with a prior conviction (§§ 484, subd. (a), 666) (count three); felony receiving stolen property (§ 496, subd. (a)) (count four); two counts of misdemeanor battery (§ 242) (counts five and eight); misdemeanor participation in a riot (§ 404, subd. (a)) (count six); and misdemeanor resisting arrest (§ 148, subd. (a)(1)) (count seven). Gaines entered a plea of not guilty on all counts.

On January 12, 2009, Gaines changed her plea to no contest on counts two, three and five. The remaining counts were dismissed.

On March 6, 2009, following production of a probation report, the court placed Gaines on three years of supervised probation, conditioned on serving 180 days in county jail.

On April 20, 2009, the court referred Gaines to the alternative sentencing program and stayed her date to report to county jail.

2

Two years later, on May 9, 2011, pursuant to a petition to revoke Gaines's probation because she had violated the law, the court revoked Gaines's probation. Gaines admitted violating her probation on May 16.

On June 13, 2011, following production of a supplemental probation report, the court imposed a sentence of three years and eight months. The court then suspended the sentence and re-admitted Gaines to supervised probation with 180 days to be served in county jail immediately, with credit for 80 days.

On November 8, 2012, the court revoked Gaines's probation, pursuant to a petition to revoke her probation because she had again violated the law. On December 4, Gaines admitted violating probation. On January 2, 2013, following production of a supplemental probation report, the court imposed the previously suspended sentence of three years and eight months, and then recalled it, pursuant to section 1170, subdivision (d). The court reduced count three to a misdemeanor, because of a change in the law, and imposed a sentence of three years in prison, with credit for 588 days.

On April 23, 2013, Gaines moved for modification of her sentence, seeking additional credits. The court denied Gaines's motion on April 29.

On June 26, 2013, Gaines filed a notice of appeal, specifying that the appeal was based on the sentence or other matters occurring after her plea that do not affect the validity of her plea. This notice of appeal was timely only with regard to the court's denial of Gaines's motion seeking additional credits.

## DISCUSSION

Gaines's appellate counsel represents that the opening brief is filed in accordance with *Wende*. The *Wende* court held: "We conclude that *Anders* requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende*, *supra*, 25 Cal.3d at p. 441.)

Gaines's appeal was timely only with regard to the trial court's denial of her motion for modification of her sentence by the award of additional credits. Gaines sought credits for the time from May 31, 2012, to November 6, 2012, the date she was

3

taken into custody in Solano County.  During this period, Gaines was serving a sentence in Sacramento County on unrelated charges.  The trial court found that Gaines was not legally entitled to credits for time served in Sacramento County .  We discern no error in that determination.

We have reviewed the record in accordance with our obligations under *Wende* and *Anders*, and we find no arguable issues on appeal.

## DISPOSITION

The judgment is affirmed.


_____

Brick, J.*


We concur:


_____

Kline, P.J.


_____

Haerle, J.


* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.